**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHUNYING ZHAO,

               Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No. 16-72512

Agency No. A201-190-940

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2022[**]
Pasadena, California

Before: KLEINFELD, MILLER, and COLLINS, Circuit Judges.

Petitioner Chunying Zhao, a Chinese citizen, seeks review of the decision of

the Board of Immigration Appeals ("BIA") upholding the order of an Immigration

Judge ("IJ") denying her application for asylum and withholding of removal.[1] We

have jurisdiction under § 242 of the Immigration and Nationality Act ("INA"). *See*

8 U.S.C. § 1252. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[1] Zhao did not challenge the IJ's denial of relief under the Convention Against Torture before the BIA, nor has she raised that issue in this court.

1. Zhao challenges the agency's conclusion that Zhao was not eligible for asylum or withholding of removal. As to these issues, the BIA adopted the IJ's decision and cited *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and "[w]e therefore review the decision of the IJ, as well as any additional reasoning offered by the BIA." *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We hold that substantial evidence supports the IJ's conclusion that Zhao's testimony was not credible. *See Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2020).

The IJ properly considered Zhao's "demeanor" while testifying, and the IJ's judgments on that score "merit[] special deference . . . for the obvious reason that the IJ sees the witnesses and hears them testify, while we look only at cold records." *Dong v. Garland*, 50 F.4th 1291, 1298 (9th Cir. 2022) (simplified). The IJ "provide[d] specific examples" of Zhao's demeanor to support this determination, *see Kin v. Holder*, 595 F.3d 1050, 1056 (9th Cir. 2010), identifying specific points in Zhao's testimony in which she was "overly agitated" and "unable to control herself." Indeed, the IJ noted that Zhao was nervously fidgeting with documents to such an extent that, at one point, her attorney gathered them up and moved them out of her reach.

The IJ also reasonably concluded that Zhao's credibility was undermined by the fact that her testimony added highly significant details that had been omitted

from her written statement in support of her asylum application. Specifically, Zhao's written statement asserted that the family planning office "required [her] to insert with [sic] IUD compulsorily" in 1990 and that she "had no choice to undergo abortion in a hospital" in 1992. In her testimony, however, Zhao added that she was physically seized on both occasions and dragged to the hospital, where the procedures were forcibly conducted. Notably, the written statement's description of these 1990 and 1992 incidents differed from its description of a 2003 incident, as to which Zhao claimed that, when asked "to undergo abortion again," she "refused to do so this time" and she was then brought "to a hospital by force." The fact that Zhao's hearing testimony added critical details concerning the 1990 and 1992 incidents in a way that significantly enhanced the gravity of the claimed persecution is a factor that the IJ could properly consider in assessing credibility. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016).

The IJ further noted that Zhao's testimony concerning the asserted June 28, 2010 protest was "disjointed" in a way that "call[ed] into question the veracity of this aspect of her claim for relief." Specifically, Zhao claimed that the 2010 protest concerned mass layoffs at the factory where she worked, but she also testified that the layoffs occurred in 2006. When asked to explain why the protests would have occurred four years after the layoffs, Zhao gave a series of vague explanations that the IJ reasonably and properly concluded undermined her

3

credibility.  *See Lalayan v. Garland*, 4 F.4th 822, 839 (9th Cir. 2021).

We do not rely on the IJ's assertion that Zhao gave "confusing testimony" in explaining why two documents that she submitted to confirm her employment listed "company names" that were "different."  Zhao explained that the name of the company was the same in both Chinese originals and that she did not know "how they were translated" differently into English.  The Chinese originals are in the record, and they indeed appear to use the same exact seven Chinese characters to identify the company, but the English translations render that phrase differently, resulting in the discrepancy noted by the IJ.  Despite this error, remand is not warranted because, considering the record as a whole, we conclude that the remaining considerations identified by the IJ "are sufficient to conclude that substantial evidence supports the adverse credibility determination."  *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021).

2.  We further hold that the agency permissibly concluded that Zhao's documentary evidence "did not sufficiently rehabilitate her discredited testimony or independently satisfy her burden."  Given Zhao's lack of credibility, we cannot say that the documents she supplied compel the conclusion that she has met her burden in connection with her asylum and withholding claims.  *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

Reviewing de novo, *see Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir.

2002), we also reject Zhao's contention that the agency violated her due process rights by allegedly failing to give appropriate consideration to her documentary evidence. Although the IJ's ruling does not specifically analyze all of the documentary evidence presented, the hearing transcript confirms that the IJ had reviewed and considered the documents supplied by Zhao. Nor has Zhao rebutted the presumption that the BIA reviewed all relevant materials in the record. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000).

**PETITION DENIED**.